**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JW GAMING DEVELOPMENT, LLC, a California limited liability company,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ANGELA JAMES; LEONA L. WILLIAMS; LENORA STEELE; KATHY STALLWORTH; MICHELLE CAMPBELL; JULIAN J. MALDONADO; DONALD WILLIAMS; VERONICA TIMBERLAKE; CASSANDRA STEELE; JASON E. RUNNING BEAR STEELE; ANDREW STEVENSON; PINOLEVILLE POMO NATION, a federally-recognized Indian tribe,<br><br>Defendants-Appellants. | No.    18-17008<br><br>D.C. No. 3:18-cv-02669-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted August 7, 2019
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  O'SCANNLAIN, SILER,[**] and NGUYEN, Circuit Judges.

Several individual defendants (collectively the "tribal defendants") appeal the district court's order denying their motion to dismiss the claims against them on the basis of sovereign immunity.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The district court did not err in denying the tribal defendants' motion to dismiss the fraud and RICO claims that JW Gaming Development, LLC ("JW Gaming") filed against them.  Under our "remedy-focused analysis," the Tribe is not the real party in interest with respect to such claims.  *Maxwell v. County of San Diego*, 708 F.3d 1075, 1088 (9th Cir. 2013).  The claims are explicitly alleged against the tribal defendants in their individual capacities, and JW Gaming seeks to recover only monetary damages on such claims.  If JW Gaming prevails on its claims against the tribal defendants, only they personally—and not the Tribe—will be bound by the judgment.  Any relief ordered on the claims alleged against the tribal defendants will not, as a matter of law, "expend itself on the public treasury or domain," will not "interfere with the [Tribe's] public administration," and will not  "restrain the [Tribe] from acting, or . . . compel it to act."  *Id.* (internal quotation marks omitted).  Accordingly, such claims are not shielded by the

---

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

Tribe's sovereign immunity. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1290–92 (2017); *Pistor v. Garcia*, 791 F.3d 1104, 1112–14 (9th Cir. 2015); *Maxwell*, 708 F.3d at 1088–90.[1]

**AFFIRMED.**

---

[1] This is true even though the tribal defendants have been sued for actions they allegedly took in the course of their official duties and even if the Tribe chooses to indemnify the tribal defendants for any adverse judgment against them. *See Lewis*, 137 S. Ct. at 1288, 1292–94; *Pistor*, 791 F.3d at 1112; *Maxwell*, 708 F.3d at 1088–90.